STATE OF HAWAII, Plaintiff-Appellee, *v.* CLIFFORD KALANI WAIAU, also known as Allen Waiau, Defendant-Appellant

NO. 5968

DECEMBER 13, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

This appeal is from a felony conviction and sentence based upon a negotiated guilty plea. By the plea bargain, the prosecuting attorney agreed not to request an extended term sentence under HRS § 706-661. Upon the instruction of the court, the prosecutor instituted proceedings for an extended term sentence, and appellant was sentenced to an extended term of twenty years of imprisonment rather than the ordinary term of ten years. Since the prosecuting attorney's participation in the sentencing proceeding was in contravention of the plea agreement, we remand for resentencing.

I.

Appellant was indicted on two counts of robbery in the first degree, two counts of kidnapping in the first degree and

one count of burglary in the first degree. Private counsel was appointed by the court to represent appellant, as an indigent, upon the request of the Public Defender. After a plea of not guilty, appellant changed his plea to one of guilty to a reduced charge of robbery in the second degree on the first count and an order of nolle prosequi of the other counts was entered. Appellant's written guilty plea recited his understanding that the prosecution would not request an extended term sentence and would stand silent at the sentencing unless specifically called upon by the judge to give a recommendation. This understanding was confirmed at the plea taking by the prosecuting attorney. The court interrogated appellant at the plea taking but made no reference to the possibility of extended term sentencing, asking only if appellant understood that he might be sentenced to ten years in prison or $10,000 fine or both. Sentencing was deferred for the preparation of a presentence report.

Subsequently, the prosecuting attorney filed a notice of hearing for imposing an extended term sentence pursuant to HRS §§ 706-661 and 706-662(1), to which was attached his affidavit to the effect that appellant is a persistent offender as defined in § 706-662(1) and a request that a hearing be held pursuant to HRS § 706-664. Appellant responded with a motion for specific performance of the plea bargain and for a change in the sentencing judge, which was heard together with the extended term sentencing proceeding. At this hearing the prosecuting attorney acknowledged that the commitment not to request an extended term sentence had been made and stated that he would stand on that commitment, to which the court responded that the extended term sentencing hearing was being held pursuant to the order of the court rather than the request of the prosecutor. Appellant then took the stand in support of his motion for specific performance of the plea bargain and testified that he would not have pleaded guilty had he been told that he could be sentenced for an extended term of twenty years. On cross-examination, appellant was asked whether he wanted "to take back" his guilty plea, to which appellant's counsel objected as not in issue, stating that he had advised appellant not to take back the

plea. The objection was sustained and the question was not answered. The motion having been denied, the prosecuting attorney attempted to submit the extended term issue on the notice of hearing (referred to in the colloquy between the prosecuting attorney and the court as a motion) and the attached affidavit. The court advised the prosecuting attorney that "you better put some evidence on" and, no witness having been summoned, the hearing was continued.

Prior to resumption of the sentencing hearing, appellant's counsel moved for leave to withdraw as counsel upon the ground that he had wrongly advised appellant that he could not be sentenced to a term of more than ten years and that a conflict of interest had been created on the issue of counsel's competency. In denying this motion, the court stated that he saw no conflict and that the only decision on which counsel was required to advise was whether appellant wished to withdraw his guilty plea on the basis of his mistaken apprehension that he would face only a ten year sentence.

At the resumed sentencing hearing, the court found appellant to be a persistent offender who is a danger to the community and whose incarceration for an extended term is necessary for the protection of the public. A sentence of an extended term of twenty years was imposed. On this appeal, appellant presents only the question of the denial of his motion for specific performance of the plea bargain and for change of the sentencing judge.

## II.

In *State v. Gumienny*, 58 Haw. 304, 568 P.2d 1194 (1977), we had the question whether a defendant should have been permitted to withdraw a guilty plea made pursuant to a plea bargain, where the prosecution had fulfilled its part of the bargain by moving for deferred acceptance of the guilty plea but the court denied the motion and accepted the plea. We held that the defendant's unilateral expectation that the motion would be granted did not entitle him to withdraw his plea, in light of conscientious efforts by the trial judge to make the

defendant understand that he could not rely on such an expectation and the absence of any showing that the expectation was improperly induced. We were impelled to that conclusion by concern for preserving the independence of the trial judge from the plea bargaining process.

We expressed a similar concern in *State v. Davis*, No. 5994, filed this day, where the trial judge directed the prosecuting attorney to institute an extended term sentencing proceeding after a negotiated guilty plea. We rejected an argument that consideration of an extended term sentence is solely a matter of prosecutorial discretion, concluding that the policy of keeping the sentencing judge free from the plea bargaining process forbids empowering the prosecutor by a plea bargain to foreclose consideration of an extended term by the sentencing judge.

Neither *Gumienny* nor *Davis*, however, involved a breach of a plea bargain. In the present case the trial judge may well have retained full discretion to consider an extended term sentence and to direct the institution of proceedings for that purpose, despite his failure to advise appellant of that possibility when the guilty plea was accepted, as to which we need not express an opinion.[1] The prosecuting attorney may have been free from criticism in presenting the request that the court consider an extended term sentence and in presenting evidence in support of such a sentence, in view of the court's mandate. Nevertheless, in doing so the prosecuting attorney was in contravention of an express term of the plea bargain. The State argues, in its brief, that this departure from the plea bargain was "unintentional, minimal and passive".

Yet, as was said in *Santobello v. New York*, 404 U.S. 257, 262 (1971), "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled". Appellant's plea was induced by a promise of the prosecuting attorney which was not fulfilled. In *Santobello* the breach by the prosecutor, which consisted of the

---

[1] Rule 11(c)(2), Hawaii Rules of Penal Procedure, effective January 1, 1977, requires such advice but was not in effect at the time of acceptance of the plea in this case.

making of a sentencing recommendation, was inadvertent and the Court accepted the statement of the sentencing judge that the sentencing recommendation had not influenced the judge. Despite these circumstances, however, the Court in *Santobello* concluded that the interests of justice and appropriate recognition of the duties of the prosecutor would best be served by remanding the case for further consideration. We consider that the interests of justice require that appellant have a means of escape from the position in which he was improperly induced to place himself in this case.

We must deal with this case as it comes to us. It would have been feasible, though inconvenient, for the court to have proceeded with the extended term sentencing hearing without requiring the prosecutor to take a position in contravention of the plea bargain. The hearing is required, by HRS § 706-664, to be initiated by a notice to the defendant of the ground proposed, which notice may issue from the court without help from the prosecuting attorney. As we have held in *State v. Davis, supra,* the evidence in support of the finding that an extended term is necessary for the protection of the public may be before the court in the form of the pre-sentence correctional diagnosis and report. Proof of a defendant's age and prior convictions as needed for the finding that the defendant is a persistent offender, as well as the receipt of any evidence offered by the defendant, should not require the assistance of the prosecuting attorney. Thus it appears that a prosecuting attorney may agree, as part of a plea bargain, to refrain from participating in the extended term sentencing procedure without either foreclosing the court's consideration of an extended term sentence or necessarily risking compulsion by the court to violate the commitment. But in the present case such compulsion was exercised, the plea bargain was breached and we must consider the remedy available to appellant.

III.

Appellant did not seek to withdraw his plea in the trial court and does not do so here. Appellant strenuously asserts a

claim to an ordinary term sentence under HRS § 706-660, without consideration of an extended term sentence under HRS § 706-661. But we do not have a case in which the prosecuting attorney promised that appellant would receive an ordinary sentence without consideration of an extended term, although appellant's counsel says that he advised appellant that the agreement had that effect. Appellant's claim would guarantee a result which he was not assured by the plea bargain.

The prosecuting attorney's promises, that he would stand silent at sentencing unless asked by the court to make a recommendation and would not request sentencing pursuant to HRS § 661 for an extended term, may be fulfilled upon a remand of this case for sentencing by another judge. We are not faced with the problem presented in the cases cited by appellant in which the defendant could not be restored to the position he occupied before the breach of the plea agreement.[2] Rather, as in *United States v. Ewing*, 480 F.2d 1141 (5th Cir. 1973), where the breach by the prosecutor consisted of arguing against probation, appellant may receive a complete remedy by sentencing by another judge before whom the prosecuting attorney would be precluded from acting in contravention of the plea agreement. To the same effect, see *Miller v. State*, 272 Md. 249, 322 A.2d 527 (1974).

In *Santobello*, where the defendant sought to withdraw his plea of guilty, the case was remanded for consideration whether that relief should be granted or whether there should be specific performance of the agreement on the plea, in which case the defendant would be sentenced by a different judge. *Santobello* endorses only the alternatives of resentencing or withdrawal of the guilty plea. In *Miller v. State, supra,* these remedies were treated as alternatives available to the defendant. But in *Davis v. State*, 308 So. 2d 27 (Fla. 1975), where the defendant rejected the opportunity to withdraw his guilty plea in the trial court, the appellate court refused to vacate a sentence imposed by the sentencing judge in viola-

---

[2]*Courtney v. State*, 341 P.2d 610 (Okla. Crim. 1959); *State v. Thomas*, 61 N.J. 314, 294 A.2d 57 (1972); *In re Villa Fierro*, 96 Cal. Rptr. 251 (Cal. App. 1971); *Commonwealth v. Alvarado*, 276 A.2d 526 (Pa. 1971).

tion of a plea bargain entered into between the judge and the defendant. We do not pursue the question whether refusal of appellant to withdraw his guilty plea after the breach of the plea bargain by the prosecuting attorney should affect his remedy in this court, because we do not find in the record a clear and unequivocal tender of that remedy to appellant. The circumstances of this case permit appellant to be resentenced by another judge without prejudice resulting from the prior sentencing proceedings. Since appellant can be given the benefit of the plea agreement and has not sought to withdraw the plea, we have no occasion to consider whether any circumstances may exist which would support a motion to withdraw the plea, should such a motion be filed by appellant upon remand.

The sentence is vacated and the case is remanded for sentencing by another judge in conformity with this opinion.

*Wayne D. Parsons (Marie N. Milks* with him on the briefs), Deputy Public Defenders, for defendant-appellant.

*James F. Nagle,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.