STATE OF HAWAII, Plaintiff-Appellee, *v.* ZACHARY CHINCIO, Defendant-Appellant

NO. 6181

DECEMBER 13, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellant was indicted for burglary in the first degree in this and a separate case. A plea of guilty was entered at a hearing in which the court was advised by appellant's counsel and the prosecuting attorney that the plea

resulted from a plea bargain, the extent of which was that the second charge would be nolle prossed. Appellant's written plea stated that he had not been promised anything else by the State. However, the printed form was filled in to say that appellant understood that the maximum sentence which could be given to him was 10 years imprisonment and a fine of $10,000. The following then appears in the written plea:

> In addition, if the court finds that I am a persistent offender, a professional criminal, a dangerous person or a multiple offender, it is possible for the court to extend my prison term to N/A

The court interrogated appellant with respect to his understanding of his plea. He was asked whether he understood that the court could sentence him to spend the maximum of 10 years in prison and pay a fine of $10,000 or both, to which he replied that he so understood. No mention was made of the possibility of a sentence to an extended term. Sentencing was deferred for preparation of a presentence report.

Subsequently, the prosecuting attorney filed a notice of hearing for imposing sentence of imprisonment for an extended term pursuant to HRS §§ 706-661 and 706-662(1). At this hearing, appellant moved to withdraw his guilty plea and stated that the prosecuting attorney "told me if I plead guilty he would give me ten years and/or $10,000 fine. That's how come I go along with him." The court's response to this statement was one word: "Fantastic". In a rather confused colloquy between appellant's counsel and the court, counsel indicated a desire to call the prosecuting attorney to the stand to establish that the plea had been entered upon the understanding that the prosecuting attorney would not move for an extended term. The court expressed the view that the prosecuting attorney does not move for an extended term, but is directed by the court to make the motion. Apparently discouraged by the court's responses, appellant's counsel did not place the prosecuting attorney on the stand.

Appellant has presented the point on this appeal that by requesting the extended term sentencing hearing the prosecuting attorney breached the plea agreement and entitled appellant to withdraw his guilty plea. Appellant's statement

at the sentencing hearing, although not under oath, is sufficiently corroborated by the circumstances to persuade us that the sentencing judge was overly hasty in discouraging inquiry into the details of the plea agreement and that the doubts with respect to it should be resolved in favor of the appellant. Accordingly, we will treat this case as involving the same conduct by the prosecuting attorney as was dealt with in *State v. Waiau*, 60 Haw. 93, 588 P.2d 412 (1978) and will grant the same remedy. Appellant's motion to withdraw his plea, if renewed on remand, should be dealt with by the circuit court in the light of the posture of the case as it then appears.

The sentence is vacated and the case is remanded for resentencing by another judge in proceedings consistent with this opinion and *State v. Waiau, supra*.

*Gail C. Nakatani and Mitchell J. Werth,* Deputy Public Defenders, for defendant-appellant.

*Stephen D. Tom,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.