**David MILLER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5709.**

Supreme Court of Alaska.

Aug. 6, 1982.

(Alaska 1972).

Irwin Ravin, Fairbanks, and Meredith Appel, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C. J., CONNOR, and MATTHEWS, JJ., DIMOND, Senior Justice,* and CARLSON, Superior Court Judge.*

* DIMOND, Senior Justice, and CARLSON, Superior Court Judge, sitting by assignment made

OPINION

MATTHEWS, Justice.

David Miller pled nolo contendere to two misdemeanor counts of contributing to the delinquency of a minor. His pleas were first accepted and later rejected by the superior court. Miller was then indicted on six felony counts of lewd or lascivious acts toward children which included the conduct charged in the original information. Two counts of the indictment, one of which included the conduct charged in Count II of the information, were dismissed on Miller's motion after the State had rested its case following the inability of the minor involved to testify. Miller was acquitted of one other count of the indictment and convicted on the remaining three. On appeal, we reversed holding that the trial court "erred in rejecting appellant's pleas of nolo contendere" and remanded "for reinstatement of the nolo pleas." *Miller v. State,* 617 P.2d 516, 519 (Alaska 1980).

On remand Miller was sentenced, based on his previous pleas of nolo contendere, to six-month terms on each count of contributing to the delinquency of a minor, to be served consecutively. At the sentencing hearing Miller indicated that he wished to change his plea to not guilty. He also moved to dismiss the second count of the information on the grounds that felony charges necessarily including the crime there charged had been dismissed with prejudice, and that any further proceedings thereon would amount to double jeopardy. The trial court denied both requests and gave the defendant the choice of standing on his previously entered nolo plea as to both counts or of facing reinstatement of his conviction of three counts of lewd or lascivious acts toward a child which were reversed by this court on Miller's first appeal. Faced with that choice, the defendant decided to adhere to his previously entered nolo contendere plea. He then appealed.

pursuant to article IV, section 16 of the Constitution of Alaska.

■ The court of appeals certified the case to this court under AS 22.05.015(b) and Alaska R.App.P. 408(b). We accepted the certificate. The points on appeal are (1) that the trial court erred in refusing to accept Miller's plea of not guilty to the two misdemeanor counts before it; (2) that the trial court erred in accepting Miller's plea of nolo contendere to Count II because doing so constituted a violation of double jeopardy; and (3) that the sentence imposed was excessive.

Miller's second point is plainly correct. Count II of the information was necessarily included in the felony charges of lewd or lascivious acts toward a child concerning A.P.W. *In re Dennis B.,* 18 Cal.3d 687, 135 Cal.Rptr. 82, 85, 557 P.2d 514, 517 (1976); *State v. Gauger,* 200 Kan. 515, 438 P.2d 455, 462 (1968). Those charges were dismissed after the State's evidence was closed because A.P.W. was unable to testify. Although not labeled as such, this dismissal was the equivalent of a judgment of acquittal for insufficient evidence to which the bar of double jeopardy attaches. Alaska R.Crim.P. 29(a); *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). Miller's first appeal did not concern that dismissal and it must be considered to be final. We, therefore, erred in implying in our decision that the defendant's nolo plea to Count II should be reinstated. The conviction as to Count II must be reversed.

We turn to consider Miller's first point, and in so doing limit our consideration to Count I of the information. Miller bargained for the opportunity to plead nolo contendere to two misdemeanor counts. The benefits to him were avoidance of felony charges, no prosecution for similar, but then undiscovered acts, no trial, and sparing the children involved the pain and embarrassment of public testimony. In exchange, he gave up his rights to plead not guilty and have a jury trial, and he faced punishment "as if he were guilty." *Miller v. State,* 617 P.2d 516, 519 (Alaska 1980), *quoting North Carolina v. Alford,* 400 U.S. 25, 35 n.8, 91 S.Ct. 160, 166 n.8, 27 L.Ed.2d 162, 170 n.8 (1970).

Due to the trial court's initial error in rejecting Miller's nolo contendere pleas, Miller had to undergo a public trial on felony charges at which the children involved were called upon to testify. Miller has thus irredeemably lost some of the benefits of his bargain, even though his trial conviction has been set aside. On remand, Miller was entitled to choose between affirming the earlier, now impaired, bargain, in which case he has still bargained away his rights to plead not guilty and obtain a jury trial, or cancelling the bargain, withdrawing his plea, and facing the felony charges that the State would have brought had it not made the bargain in the first place. Alaska R.Crim.P. 11(h)(1)(ii)(dd); *State v. Waiau,* 60 Hawaii 93, 588 P.2d 412, 415 (1978); *People v. Collins,* 21 Cal.3d 208, 145 Cal.Rptr. 686, 689, 577 P.2d 1026, 1029 (1978).

The choice actually presented to Miller was between reinstatement of his previously entered nolo plea or reinstatement of his three felony convictions. That choice was appropriate only if the three felony counts reversed by us on Miller's first appeal were obtained without error except for the trial court's action in rejecting the nolo plea. If there were other grounds requiring reversal of the felony convictions, Miller should have been given a choice between reinstatement of his nolo plea or a new trial on the felony charges. Of course, if his felony trial was otherwise untainted, there would be no point in repeating it. His choice in that case would properly be between withdrawing his nolo plea and accepting the three felony convictions, or affirming the nolo plea and leaving undisturbed the reversed felony convictions.

Four grounds were raised on the first appeal. We decided it solely on the basis that the court erred in rejecting the defendant's nolo plea. Our remand may have implied that we found the other grounds to be without merit, however we nowhere expressly so stated.

■ We have again reviewed the record in light of the other grounds asserted in the original appeal. We find each of them

to be without merit.[1] We therefore affirm Miller's conviction as to Count I of the information.

Because the conviction on Count II has been reversed, Miller is entitled to be resentenced on Count I since the court necessarily misapprehended the allowable sentence limits. *See Deal v. State*, 587 P.2d 740, 741 (Alaska 1978); *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978); *Donlun v. State*, 527 P.2d 472, 474 (Alaska 1974). In light of this disposition we express no opinion as to whether the sentence imposed was excessive.

REVERSED as to Count II; AFFIRMED as to Count I; REMANDED for resentencing.

RABINOWITZ and COMPTON, JJ., not participating.

---

1. The other points raised by the defendant in his first appeal and our disposition of them are as follows:

    A. *Whether the court erred in refusing to grant a continuance due to the absence of a defense expert witness.*

    We hold that no error was committed in that the defendant did not show the nature of the testimony which the absent witness would have given and there was thus no basis for concluding whether or not such testimony would have been cumulative, whether there was a likelihood that it would have affected the jury's verdict, or whether, indeed, it was even material. *Salazar v. State*, 559 P.2d 66, 72 (Alaska 1976); *Jennings v. Superior Court*, 66 Cal.2d 867, 428 P.2d 304, 310 (1967); *Lovelady v. State,* 478 P.2d 983, 986–87 (Okl.Cr.App.1970).

    B. *Whether the trial court erred in allowing the testimony of the State's rebuttal witnesses whose names were not previously disclosed to defense counsel.*

    We hold that there was no reversible error. The State's dereliction could have been cured by a continuance under the circumstances of this case and therefore the defendant's failure to request a continuance constitutes a waiver of his right to object. *See Scharver v. State*, 561 P.2d 300, 302 (Alaska 1977); *Williams v. State*, 600 P.2d 741, 742 n.3 (Alaska 1979). Further, the violation apparently was in good faith since it was arguably sanctioned by *McCurry v. State*, 538 P.2d 100 (Alaska 1975) (prosecution has no duty to furnish names of rebuttal witnesses) which was overruled after the trial. *Howe v. State*, 589 P.2d 421 (Alaska 1979).

    C. *Whether the court erred in excluding evidence that the witness Benson may have been biased against the defendant.*

    We hold that there was no abuse of discretion concerning this point. The evidence showing bias of Benson was offered as tending to prove that L.N.A.'s story was a product of fantasy. However, Benson's bias would not tend to prove this proposition since the evidence fails to disclose that Benson ever communicated with L.N.A.