128 P.3d 340

STATE of Hawai'i, Plaintiff–Appellee,

v.

Sydney T. KIDO, Defendant–Appellant.

No. 26358.

Supreme Court of Hawai'i.

Feb. 14, 2006.

Mary Ann Barnard, for defendant-appellant Sydney T. Kido.

Stephen K. Tsushima, Deputy Prosecuting Attorney, for plaintiff-appellee State of Hawai'i.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by DUFFY, J.

Defendant-appellant Sydney T. Kido appeals from the Circuit Court of the First Circuit's December 31, 2003 orders [1] denying his motion to withdraw his no contest plea and denying his motion to correct illegal sentence in connection with his conviction for one count of promoting a dangerous drug in the third degree, Hawai'i Revised Statutes (HRS) § 712–1243 (1993 & Supp.2001).[2] As points of error on appeal, Kido contends that the circuit court erred when it: (1) denied his motion to correct illegal sentence because his repeat offender status, on which his one-year mandatory minimum sentence was based, was nullified when his prior conviction for drug-related offenses was vacated as unconstitutionally obtained; and (2) denied his motion to withdraw his no contest plea due to changed circumstances because his arrest in the instant case was based on his violation of a probation order issued in connection with the prior, vacated conviction, with the result that (a) the probation order, like the conviction, was vacated and void, (b) probable cause to arrest him was thus vitiated, (c) the drugs found in his possession pursuant to the

arrest should have been suppressed, (d) there was no other evidence to convict him, and thus withdrawal of his plea is necessary to prevent manifest injustice. The State of Hawai'i [hereinafter, the prosecution] counters that the circuit court properly denied both motions.

Based on the following, we affirm the circuit court's orders denying Kido's motions.

## I. BACKGROUND

On January 8, 2002, a judgment of conviction was entered against Kido in Cr. No. 01–1–0265 for promoting a dangerous drug in the third degree, HRS § 712–1243, and unlawful use of drug paraphernalia, HRS § 329–43.5(a) (1993). *State v. Kido*, 102 Hawai'i 369, 370, 76 P.3d 612, 613 (App.2003). Kido was sentenced to five years' probation, one of the terms of which was that he not "enter the Chinatown Weed and Seed geographical area." Kido then appealed his conviction in Cr. No. 01–1–0265 to this court (docketed as Sup.Ct. No. 24887). *Kido*, 102 Hawai'i 369, 76 P.3d 612.

On March 30, 2002, while the appeal was pending, Honolulu Police Department (HPD) Officer Russell Pereira observed Kido in violation of the geographical restriction term of his probation. Kido was then arrested, transported to the police station for booking, and searched in preparation for incarceration. At that time, rock cocaine was discovered in Kido's pockets.

On April 5, 2002, the prosecution filed a complaint in the instant case (docketed as Cr. No. 02–1–0663) charging Kido with one count of promoting a dangerous drug in the third degree in violation of HRS § 712–1243. The charge was based on the rock cocaine found

---

1. The Honorable Sandra A. Simms presided over this matter.

2. HRS § 712–1243, entitled "Promoting a dangerous drug in the third degree," provided:

   (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

   (2) Promoting a dangerous drug in the third degree is a class C felony.

   (3) Notwithstanding any law to the contrary, if the commission of the offense of promoting a

dangerous drug in the third degree under this section involved the possession or distribution of methamphetamine, the person convicted shall be sentenced to an indeterminate term of imprisonment of five years with a mandatory minimum term of imprisonment, the length of which shall be not less than thirty days and not greater than two-and-a-half years, at the discretion of the sentencing court. The person convicted shall not be eligible for parole during the mandatory term of imprisonment.

in Kido's pockets during the pre-incarceration search. On June 10, 2002, Kido pleaded no contest to the offense, and on June 18, 2002, Kido was sentenced to five years in prison in Cr. No. 02–1–0663, to run concurrently with his sentence in Cr. No. 01–1–0265 (for which he was resentenced as a result of his probation violation). With respect to Cr. No. 02–1–0663, Kido was given a mandatory minimum sentence of one year [3] as a repeat offender under HRS § 706–606.5(1)(a)(iv) (Supp.1999) [4] because of his prior conviction in Cr. No. 01–1–0265.

One year later, on August 22, 2003, the Intermediate Court of Appeals (3) issued a published opinion vacating Kido's conviction in Cr. No. 01–1–0265 and remanding for a new trial. *Kido*, 102 Hawai'i at 379–80, 76 P.3d at 622–23. The ICA concluded that the evidence was sufficient to support conviction, *id.* at 379, 76 P.3d at 622, but that the trial court's order directing Kido to testify prior to other defense witnesses constituted a violation of Kido's constitutional rights to remain silent and to due process, *id.* at 378, 76

P.3d at 621, that was not harmless beyond reasonable doubt, *id.* at 379, 76 P.3d at 622.

On October 22, 2003, Kido then filed motions in the instant case to (1) withdraw his no contest plea pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) (1994) [5] and (2) correct an illegal sentence pursuant to HRPP Rule 35 (2003).[6] He argued that, because the ICA had vacated his prior conviction, he was no longer a repeat offender subject to a mandatory minimum term of imprisonment, and thus his sentence must be corrected to eliminate the one-year mandatory minimum. Moreover, he added, because the prior conviction was vacated, the probation order and its geographical restriction were also null and void, with the result that the sole basis of probable cause for his arrest (*i.e.*, his violation of a term of probation) in the instant case was vitiated. Given that there was no probable cause to arrest him, Kido asked that he be allowed to withdraw his no contest plea to prevent manifest injustice.

On December 31, 2003, the circuit court entered two orders denying both of Kido's

---

3. The repeat offender statute provides that the mandatory minimum sentence for a defendant in Kido's circumstances is one year, eight months. *See infra* note 4. The prosecution, in its motion for repeat offender sentencing, also requested a mandatory minimum of one year, eight months. The circuit court, however, found mitigating circumstances warranting a lesser mandatory minimum and entered written findings and an order to that effect on July 19, 2002.

4. HRS § 706–606.5, entitled "Sentencing of repeat offenders," provides in relevant part:
   (1) Notwithstanding section 706–669 and any other law to the contrary, any person convicted of ... any of the following class C felonies: section ... 712–1243 relating to promoting a dangerous drug in the third degree ... and who has a prior conviction ... for ... any of the class C felony offenses enumerated above, ... shall be sentenced to a mandatory minimum period of imprisonment ... as follows:
   (a) One prior felony conviction:
   ....
   (iv) Where the instant conviction is for a class C felony offense enumerated above—one year, eight months;
   ....
   (7) For purposes of this section:
   ....
   (c) A conviction occurs on the date judgment is entered.

5. In pertinent part, HRPP Rule 32 provided:

   (d) Withdrawal of Plea. [T]o correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

6. In pertinent part, HRPP Rule 35 provides:

   (a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.

   It should be noted that this version of HRPP Rule 35, which went into effect more than three months before Kido filed his motion, requires that a motion to correct sentence filed more than ninety days after imposition of sentence be made as a HRPP Rule 40 petition for post-conviction relief. Here, Kido filed his HRPP Rule 35 motion well over a year after his sentence was imposed on June 18, 2002, and thus the circuit court erred in not treating it as a non-conforming HRPP Rule 40 petition. However, because the issue is not raised on appeal by any party, it is not discussed further herein.

motions. With respect to the motion to withdraw the no contest plea, the circuit court entered the following conclusions of law:

1.  A motion to withdraw a plea of guilty [or] nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea. Rule 32(d), [HRPP]; *State v. Adams*, 76 Hawaiʻi 408, 879 P.2d 513 (1994).

2.  The Defendant has the burden of establishing plausible or legitimate grounds for withdrawal—and in this matter, the Defendant has not met its burden. *State v. Costa*, 64 Haw. 564, 644 P.2d 1329 (1982); *State v. Jim*, 58 Haw. 574, 574 P.2d 521 (1978).

3.  Based upon the Court's findings, manifest injustice does not exist in this case.

With respect to Kido's motion to correct illegal sentence, the circuit court entered the following conclusions of law:

1.  The objective of the repeat offender statute is to impose an increased penalty for commission of an enumerated crime within the time of the maximum sentence of the prior conviction for any enumerated offenses. In other words, recidivism affects the penalty imposed upon a convicted offender. *State v. Olivera*, 57 Haw. 339, 555 P.2d 1199 (1976).

2.  On March 30, 2002—when [Kido] was arrested in the Honolulu "Weed and Seed" area for the second time and eventually charged [in the instant case]—[Kido] held the *status* of a convicted felon under Cr. No. 01–1–0265, even though over one (1) year later, the judgment under Cr. No. 01–0265 was vacated. *State v. Lobendahn*, 71 Haw. 111, 784 P.2d 872 (1989).

7.  Although the fact of Kido's re-conviction does not appear in the record on appeal in the instant case, this court may take judicial notice of the records and files in Cr. No. 01–1–0265. *See Ranger Ins. Co. v. Hinshaw*, 103 Hawaiʻi 26, 29

On January 26, 2004, Kido filed a timely notice of appeal in this court. On September 22, 2004, after remand and retrial in Cr. No. 01–1–0265, a judgment of conviction and sentence were again entered against Kido, and he again appealed (docketed as Sup.Ct. No. 26865).[7] On April 22, 2005, the appeal was assigned to the ICA, where it remains pending.

## II. STANDARDS OF REVIEW

### A. Motion to Withdraw a No Contest Plea

[W]hen a defendant moves to withdraw a plea of nolo contendere under HRPP 32(d) after imposition of sentence, only a showing of manifest injustice will entitle the defendant to withdraw his or her plea. When a trial court denies a motion to withdraw a plea, the trial court's determination will not be disturbed on appeal unless abuse of discretion is clearly shown. The burden of establishing abuse of discretion is on appellant and a strong showing is required to establish it. An abuse of discretion occurs only if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Nguyen*, 81 Hawaiʻi 279, 286–87, 916 P.2d 689, 696–97 (1996) (citations and internal quotation marks omitted).

### B. Motion for Correction of Sentence

The circuit court's denial of Kido's HRPP Rule 35 motion to correct illegal sentence was based on a conclusion of law. "A trial court's conclusions of law are reviewed de novo, under the right/wrong standard of review." *Child Support Enforcement Agency v. Roe*, 96 Hawaiʻi 1, 11, 25 P.3d 60, 70 (2001) (quoting *State v. Ah Loo*, 94 Hawaiʻi 207, 209, 10 P.3d 728, 730 (2000)) (internal quotation marks and brackets omitted). Questions of constitutional law and statutory interpretation are reviewed under the same standard. *State v. Rogan*, 91 Hawaiʻi 405,

n. 7, 79 P.3d 119, 122 n. 7 (2003) (holding that where the record on appeal does not provide sufficient information, the court may take judicial notice of record in related case).

411, 984 P.2d 1231, 1237 (1999); *State v. Arceo*, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996).

## III. *DISCUSSION*

### A. *The Circuit Court Did Not Abuse Its Discretion in Denying Kido's Motion to Withdraw His No Contest Plea.*

■ Kido argues that the circuit court abused its discretion in denying his motion to withdraw his no contest plea because his prior conviction, and resulting probation order which gave probable cause to arrest him in the instant case, were vacated on appeal, and the only evidence supporting the instant conviction was the fruit of that arrest. Kido contends that it would be manifestly unjust, in light of these changed circumstances, not to allow withdrawal of a plea induced by "an arrest, search, and seizure based upon an unconstitutionally obtained probation order[.]"

One of the two generally accepted bases for withdrawing a plea is that "changed circumstances or new information" justify withdrawal of the plea. *State v. Merino*, 81 Hawai'i 198, 224, 915 P.2d 672, 698 (1996). Here, Kido argues that the ICA's vacatur of his conviction and sentence of probation on direct appeal constitutes a change of circumstances justifying the withdrawal of his plea. Essentially, he contends that the existence of probable cause is not fixed at a point in time, but can be retroactively invalidated. We do not agree.

HRS § 803-5 (1993), which provides for warrantless arrests by a police officer where the officer has probable cause, defines probable cause as existing

> when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a crime has been or is being committed.

As the language of the statute indicates, the existence of probable cause for a warrantless arrest is determined based on the facts and circumstances as known to a reasonable police officer *at the time of the arrest. See*

*State v. Servantes*, 72 Haw. 35, 39, 804 P.2d 1347, 1349 (1991) (evaluating probable cause at the time of the defendant's arrest). *See also Valente v. Wallace*, 332 F.3d 30, 32 (1st Cir.2003) ("The [probable cause] test is objective and turns on what a reasonable police officer would conclude based on the evidence *actually available at the time* (and not on unknown facts or subsequent events)." (Emphasis added; citation omitted.)). Here, Kido does not dispute the relevant point—namely, that when Officer Pereira arrested him on March 30, 2002, the facts and circumstances known to Pereira at that time reasonably gave rise to the belief that Kido was a convicted felon in violation of a condition of probation. No more was required to establish probable cause—that Kido's conviction and probation order would be vacated *one year later* is irrelevant as a matter of law to the analysis.

Indeed, prior decisions of this court confirm that subsequent events can neither support nor invalidate the existence of probable cause at the time of the search or seizure. First, this court has held that subsequent events cannot *justify* a search or seizure if probable cause was lacking at the time search or seizure was conducted. *See State v. Phillips*, 67 Haw. 535, 541, 696 P.2d 346, 351 (1985) ("A search is not to be made legal by what it turns up." (Citation, quotation marks, and brackets omitted.)). Second, this court has approved the converse proposition—namely, that subsequent events cannot *invalidate* probable cause (*i.e.*, a seizure is not to be made illegal by what it fails to turn up). *See House v. Ane*, 56 Haw. 383, 391, 538 P.2d 320, 326 (1975) (stating that where a warrantless arrest is made in the reasonable belief that an offense is being committed, "[t]he fact that it later turns out that [the arresting officers] were mistaken in their belief would not convert the arrest based upon probable cause into an unlawful one") (citations omitted). Consequently, Kido's argument—that the invalidation of his prior conviction (and thus probation order) on appeal also retroactively invalidates probable cause for an arrest based on violation of that probation order—is incorrect. As such, there were no changed circumstances that

required the circuit court to allow withdrawal of Kido's no contest plea to prevent manifest injustice and thus no abuse of discretion in the denial of Kido's motion.

### B. The Circuit Court Erred In Denying Kido's Motion to Correct an Illegal Sentence, but the Error is Moot.

Kido also argues that the circuit court erred in denying his motion to correct an illegal sentence. Specifically, he argues that his one-year mandatory minimum sentence, pursuant to the repeat offender sentencing statute, HRS § 706–606.5, and based on his prior conviction in Cr. No. 01–1–0265, is illegal because the prior conviction was subsequently vacated on direct appeal as unconstitutionally obtained. Therefore, he argues that because there was no *validly* obtained prior conviction, he should no longer be subject to the mandatory minimum sentence. This argument, while it has merit generally for the reasons set forth below, is of no help to Kido in the instant case.[8]

### 1. For Purposes of the Repeat Offender Statute, Kido Had a Prior Conviction on the Date Judgment Was Entered in Cr. No. 01–1–0265.

Kido first argues that his prior conviction was never valid because of the constitutional error. The prosecution counters that the circuit court properly relied on the prior conviction in sentencing Kido because it had not been vacated at the time of sentencing. As set forth below, the prosecution is correct, although the answer to that question is not dispositive of the question presented.

This court has held that "[t]he meaning of the term 'convicted' or 'conviction' varies according to the context in which it appears and the purpose to which it relates." *State v. Akana,* 68 Haw. 164, 166–67, 706 P.2d 1300, 1303 (1985) (citations omitted), *quoted in State v. Shimabukuro,* 100 Hawai'i 324, 326,

60 P.3d 274, 276 (2002) (Acoba, J., announcing the judgment of the court). Here, the plain language of the repeat offender statute states that "[f]or purposes of this section . . . [a] conviction occurs *on the date judgment is entered.*" HRS § 706–606.5(7)(c) (emphasis added). The statute does *not* state, as Kido would have it, "on the date the judgment is final on appeal." Accordingly, Kido was a convicted felon subject to a mandatory minimum sentence for a repeat offense as of June 18, 2002, the date judgment was entered in Cr. No. 02–1–0663.

### 2. Lobendahn, Shimabukuro, and Veikoso Are Inapplicable.

In their briefs, the parties also refer us to three of our decisions involving prior convictions as they bear on subsequent offenses and sentencing. None of these cases is controlling here, however, for the reasons set forth below.

#### a. Lobendahn

First, in *State v. Lobendahn,* relied upon by the circuit court, a defendant convicted of terroristic threatening and kidnapping directly appealed his convictions. 71 Haw. at 112, 784 P.2d at 872. While the appeal was pending and the defendant was on parole, he was arrested and charged with being a felon in possession of a firearm. *Id.* After his arrest, but before trial, the defendant's prior conviction was set aside and he was acquitted on retrial. *Id.* Thereafter, however, the defendant was convicted of the felon-in-possession charge. *Id.* On appeal, this court affirmed the conviction, reasoning that "the legislature did not intend to encourage people to flaunt the law while an appeal is pending." *Id.* at 112–113, 784 P.2d at 873. Consequently, this court held that the defendant's "status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and

---

8. Kido's appeal with respect to his own sentence is moot because he has now been reconvicted, so that even if this court were to vacate and remand for resentencing, Kido would be in the same position as before (*i.e.,* subject to a mandatory minimum based on the prior felony conviction in Cr. No. 01–1–0265). His argument is still addressed herein, however, because the question presented concerns a matter of public interest and is capable of repetition yet evading review, both in this case (conceivably, Kido's conviction could again be set aside on appeal in No. 26865) and in general. *See, e.g., In re Thomas,* 73 Haw. 223, 226, 832 P.2d 253, 255 (1992) (recognizing an exception to the mootness doctrine under the aforementioned circumstances).

the subsequent reversal of the [prior] conviction does not then render such possession lawful." *Id.* at 113, 784 P.2d at 873 (citing *United States v. Liles*, 432 F.2d 18, 21 (9th Cir.1970)). *See also Lewis v. United States*, 445 U.S. 55, 67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (holding that felon-in-possession-of-a-firearm statute intended by legislature to apply to any person who, at the time of possessing a firearm, still had a prior, uncleared conviction); *United States v. Snyder*, 235 F.3d 42, 51–53 (1st Cir.2000) (upholding felon-in-possession conviction even though the predicate felony conviction was subsequently vacated).

*Lobendahn* and other felon-in-possession cases are, however, distinguishable. In those cases, a defendant's conviction status was an element of the offense in question. Unlike a felon-in-possession offense, however, the offense of promotion of a dangerous drug does not include as an element the defendant's status as a convicted felon. The First Circuit, echoing the reasoning of this court in *Lobendahn*, stated the relevance of this distinction as follows:

> The two situations [*i.e.*, using a prior conviction to support guilt versus to support enhanced punishment] call for differential treatment. As we noted . . . , the federal gun laws . . . reflect the desirability of having a clear, bright line in respect to gun possession: one who has a felony conviction on the books, a conviction not yet set aside, should simply know not to possess a gun. By contrast, we saw no rationale for a bright-line rule with respect to [enhanced punishment under the sentencing statute], so we found it appropriate to treat vacated convictions differently for purposes of that section.

*Snyder*, 235 F.3d at 52–53 (internal citations and quotation marks omitted). Thus, while conviction status at the time of the offense may be the only relevant point in time where it is an element of the offense, it is not necessarily the, or even a, determinative time with respect to recidivist sentencing, as is demonstrated immediately below. Accordingly, the circuit court erred in relying on *Lobendahn*, although, as noted elsewhere herein, the error is moot.

### b. *Shimabukuro* and *Veikoso*

After *Lobendahn* came *Shimabukuro*. There, the defendant was charged with habitually driving under the influence, which required three or more prior DUI convictions. *Shimabukuro*, 100 Hawai'i at 325, 60 P.3d at 275 (Acoba, J., announcing the judgment of the court). Prior to judgment and sentencing, one of the defendant's three prior DUI convictions was vacated as unconstitutionally obtained. *Id.* The defendant then moved to dismiss the habitual DUI charge, which the trial court denied based on *Lobendahn*. *Id.* at 325–26, 60 P.3d at 275–76. On appeal, this court limited the *Lobendahn* holding, with a majority of the court agreeing that the defendant lacked the number of prior convictions requisite to a habitual DUI conviction. *Id.* at 329, 60 P.3d at 279 (Levinson, J., concurring).

Shortly after *Shimabukuro*, this court again considered the habitual DUI offender statute in *State v. Veikoso*, 102 Hawai'i 219, 74 P.3d 575 (2003). In *Veikoso*, the defendant moved to dismiss the habitual offender charge by challenging the validity of his prior DUI convictions, arguing that they were the result of unconstitutionally obtained guilty pleas. *Id.* at 220–21, 74 P.3d at 576–77. The trial court, relying on *Lobendahn*, rejected the challenge on the basis that the validity of the prior convictions was irrelevant to culpability for the habitual DUI offense. *Id.* at 221 n. 5, 74 P.3d at 577 n. 5. On appeal, this court affirmed, but on the different ground that the defendant was barred from collaterally attacking the validity of the prior convictions based on the alleged infirmity of his guilty pleas in those cases. *Id.* at 226, 74 P.3d at 582.

Both *Shimabukuro* and *Veikoso*, like *Lobendahn*, are also inapposite here. *Shimabukuro* is distinguishable for at least two reasons. First, the meaning of "conviction" in the DUI statute at issue in *Shimabukuro* was considered ambiguous by the plurality, *Shimabukuro*, 100 Hawai'i at 327 n. 9, 60 P.3d at 277 n. 9 (Acoba, J., announcing the judgment of the court); in contrast, the meaning of "conviction" in the repeat offender statute is clearly defined, as set forth

above. Second, the *Shimabukuro* concurrence appeared to suggest that the defendant's conviction status *at the time of sentencing* was the relevant factor with respect to a habitual offender offense, *id.* at 331 n. 5, 60 P.3d at 281 n. 5 (Levinson, J., concurring), and this distinction was confirmed by *Veikoso*, 102 Hawai'i at 222–23, 74 P.3d at 578–79; here, unlike the defendant in *Shimabukuro* whose prior conviction was set aside before his habitual DUI offender sentencing but like the defendant in *Veikoso* whose prior conviction was still valid when he entered his plea and was sentenced as habitual DUI offender, Kido was still a convicted felon at the time he was sentenced pursuant to the repeat offender statute in the instant case. *See also Daniels v. United States*, 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (holding that "if, by the time of sentencing . . . a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the [instant] sentence") (citation omitted). Finally, *Veikoso* is also not controlling, because it addressed only the appropriate forum for attacks on prior convictions, not a successful attack's effect on a sentence enhanced by a prior conviction.

To summarize, *Lobendahn, Shimabukuro,* and *Veikoso* stand for the following three propositions: (1) with respect to an offense where the status of prior conviction is a statutory element of the offense, the defendant's conviction status at the time of the offense is controlling; (2) with respect to repeat offender sentencing or habitual offender punishment, the court is entitled to rely on any prior conviction that has not been set aside at the time of sentencing; and (3) subject to limited exceptions,[9] a defendant may not collaterally attack prior convictions but must instead challenge those convictions on direct appeal or in the appropriate post-conviction forum. In the instant case, none of the above principles has been implicated

because promotion of a dangerous drug is not a status offense, the sentencing court did not rely on any prior conviction that had been set aside at the time of sentencing, and this case does not involve a collateral attack on a prior conviction.

### 3. A Defendant Is Entitled to Reduction of an Enhanced Sentence if a Prior Conviction on Which the Enhancement Is Based Is Subsequently Expunged, Reversed, or Set Aside.

We now finally arrive at the actual question presented in this case—namely, what happens when, having successfully challenged a prior conviction in the proper forum *after* being given an enhanced sentence in a subsequent case on the basis of that prior conviction, a defendant then moves to reopen the enhanced sentence? The question is one of first impression in this jurisdiction, although the *Veikoso* court noted in dictum that "a defendant who succeeds [on direct appeal or by HRPP Rule 40 petition] in having prior convictions expunged, reversed, or set aside *after* they have been used to . . . enhance punishment in subsequent proceedings *may have a basis* for attacking that . . . enhanced punishment." *Veikoso*, 102 Hawai'i at 227, 74 P.3d at 583 (first emphasis in original; second emphasis added) (citing *Hahn*, 618 N.W.2d at 535). The United States Supreme Court similarly framed the issue while expressly refraining from deciding it. *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis*, the Court held, "If [a defendant] is successful in attacking [his prior convictions], he may then apply for reopening of any [subsequent] sentence enhanced by the [prior convictions]. We express no opinion on the appropriate disposition of such an application." *Id.* at 497, 114 S.Ct. 1732. *See also Daniels*, 532 U.S. at 382, 121 S.Ct. 1578 ("As in *Custis*, we express no opinion on the ap-

---

9. *See Veikoso*, 102 Hawai'i at 223–24, 74 P.3d at 579–80 (noting that, as a general rule, a defendant may collaterally attack convictions where the right to counsel was denied); *State v. Sinagoga*, 81 Hawai'i 421, 443 n. 19, 918 P.2d 228, 250 n. 19 (App.1996) (defendant may collaterally attack uncounseled convictions); *Daniels*, 532 U.S. at 383, 121 S.Ct. 1578 (in dictum, holding out

the possibility that a collateral attack might be permitted where other avenues of attack were unavailable through no fault of the defendant); *State v. Hahn*, 238 Wis.2d 889, 618 N.W.2d 528, 535 (Wis.2000) (suggesting in dictum that if the defendant has no means available to challenge the prior conviction, a collateral attack via motion to reopen sentence might be entertained).

propriate disposition of such an application."). Because Kido did have his prior conviction vacated on direct appeal, this court is now afforded an opportunity to express its opinion.

Kido argues, based on the *Veikoso* dictum, that the trial court should have reduced his sentence when the prior conviction on which it was based was vacated. The prosecution responds, based on the use of the word "may" in *Veikoso*, that this court thereby intended to vest the trial courts with discretionary authority to correct sentences in such cases, and that the circuit court acted within its discretion in denying Kido's motion. It is true that the word "may" denotes discretion when employed statutorily in describing a court's power, *State v. Kahawai*, 103 Hawai'i 462, 465, 83 P.3d 725, 728 (2004), but neither *Custis* nor *Veikoso* employ the word in that manner; rather, they employ the word to indicate the possibility (*i.e.*, "may have a basis"), as opposed to certainty, that a defendant can state grounds for sentencing relief based on subsequent success in attacking a predicate conviction. Accordingly, the *Veikoso* dictum itself provides no answer to the question.

Since *Custis* was decided, however, all federal courts of appeals that have addressed the issue have clarified that a successful challenge to a prior conviction *does* provide a basis for a motion to reopen a sentence enhanced as a result of that conviction. *See, e.g., United States v. Doe*, 239 F.3d 473, 475 (2d Cir.2001) ("We agree with our sister [c]ircuits and hold that defendants who successfully attack [prior] convictions may seek review of [subsequent] sentences that were enhanced on account of such [prior] convictions."); *United States v. Walker*, 198 F.3d 811, 813–14 (11th Cir.1999) ("Since *Custis* was decided in 1994, seven other circuits, all that have considered the issue, have also held, or indicated without expressly deciding, that pursuant to ... habeas corpus, a [trial] court may reopen and reduce a [subsequent] sentence, once a ... defendant has ... successfully attacked a prior ... conviction, previously used in enhancing the ... sentence. We agree and follow suit." (Citations omitted.)). State courts are in accord. *See, e.g.,*

*Garcia v. Superior Court*, 14 Cal.4th 953, 59 Cal.Rptr.2d 858, 928 P.2d 572, 580 (1997) (stating that, after successfully attacking a prior conviction, a defendant "may obtain a reduction of a sentence that was imposed on the basis of that prior invalid conviction") (citation omitted); *State v. Prince*, 781 S.W.2d 846, 851 (Tenn.1989) (holding that once a prior conviction has been invalidated in the proper forum, the defendant "then exposes the enhanced sentence on the subsequent conviction to ... attack as well") (citation omitted).

In April 2005, the United States Supreme Court placed its imprimatur on the circuit courts' unanimous reading of *Custis* and *Daniels*. In *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), the Court stated:

> Our cases applying [the enhancement provision of the federal Sentencing Guidelines and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ] assume ... that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated. *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001).

*Id.* at ——, 125 S.Ct. at 1577 (internal parallel citations omitted).

Although the Supreme Court did not expound on the basis for this rule, other courts have cited the rule of lenity and serious constitutional concerns. *See, e.g., United States v. Pettiford*, 101 F.3d 199, 201 (1st Cir.1996) (holding that the rule of lenity favors providing sentencing relief); *Gonzalez v. United States*, 135 F.Supp.2d 112, 126 (D.Mass.2001) ("[T]o afford a [defendant] no relief, when he has been sentenced to an enhanced period based on prior ... convictions that were obtained in violation of the United States Constitution, is arguably itself a constitutional violation." (Citations and quotation marks omitted.)); *Burford v. State*, 845 S.W.2d 204, 209 (Tenn.1992) (holding that to afford a defendant no relief from an enhanced sentence when underlying convictions have been set aside would violate due process and the prohibition against cruel and unusual

punishment). In light of the foregoing, we now answer the question posed by the *Veikoso* dictum and hold that a defendant is entitled, by timely HRPP Rule 35 motion to correct sentence or by HRPP Rule 40 petition, to move for correction of an enhanced sentence [10] once the defendant has successfully attacked a prior conviction on which the sentence was based in whole or part because that conviction no longer constitutes a proper basis for increased punishment for a subsequent offense under HRS § 706–606.5.[11]

 The foregoing question resolved, we now return to the disposition of Kido's appeal. Although his prior conviction was indeed vacated, the ICA found sufficient evidence to support the conviction, a new trial was ordered, and Kido was reconvicted after the second trial. Accordingly, remand for resentencing in this case would be futile in

that Kido is now in exactly the same position for purposes of HRS § 706–606.5 as when originally sentenced. As such, any error occasioned by the circuit court's reliance on *Lobendahn* in denying Kido's HRPP Rule 35 motion is moot.[12]

## IV. *CONCLUSION*

Based on the foregoing, we affirm the circuit court's December 31, 2003 orders denying Kido's motions to correct illegal sentence and to withdraw no contest plea.

---

**10.** With respect to what constitutes an appropriate correction of sentence, we note that appellate courts have generally refused to opine on the matter, thus leaving the new sentence to the discretion of the trial court as guided by the applicable law. *See, e.g., United States v. La-Valle*, 175 F.3d 1106, 1108 (9th Cir.1999) ("[W]e express no opinion on an appropriate sentence for [defendant] once his sentence is reopened."); *United States v. Hofierka*, 83 F.3d 357, 364 (11th Cir.1996) ("Of course, we express no opinion on what might constitute such an appropriate modification [of sentence]."); *United States v. Cox*, 83 F.3d 336, 340 (10th Cir.1996) (expressing "no opinion on an appropriate sentence after reopening[,]" but noting that under the applicable sentencing statute in that case "it [wa]s still within the discretion of the [trial] court to impose a sentence reflecting the seriousness of defendant's

past criminal conduct"). Because we are not faced with an actual question of a trial court's exercise of discretion in resentencing on remand, we, too, take no view here as to an appropriate modification of sentence.

**11.** We are also not presented with, and thus reserve, the question of whether vacatur of a predicate conviction always requires correction of an enhanced sentence "if the intent of the legislative body was to permit use of a prior conviction that was final at the time specified in the statute." *Fairbanks v. State*, 331 Md. 482, 629 A.2d 63, 68 n. 4 (1993).

**12.** If Kido's prior conviction is again vacated on appeal in No. 26865, however, he is of course free to re-petition for correction of sentence pursuant to HRPP Rule 40.