**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000711
31-MAY-2022
09:01 AM
Dkt. 52 SO**

NO. CAAP-20-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CLIFFORD ROSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-18-0002018)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Clifford L. Rosa (**Rosa**) appeals from the Judgment of Conviction and Sentence, filed on October 16, 2020, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

After entering into a plea agreement (**Guilty Plea**) on August 15, 2019, Rosa was convicted of Terroristic Threatening in the First Degree (**TT1**), in violation of Hawaii Revised Statutes (**HRS**) § 707-716(1)(e) (2014) and sentenced to five years imprisonment on October 16, 2020.

On appeal, Rosa contends the Circuit Court erred by denying his Motion to Withdraw Guilty Plea.  Similar to the arguments in his Motion to Withdraw Guilty Plea, Rosa argues on appeal that he did not intentionally, knowingly, and voluntarily

---

[1]  The Honorable Todd W. Eddins presided.

enter into his plea because he received ineffective assistance of counsel and there was a changed circumstance to justify withdrawal of his guilty plea.  Rosa claims that at the time he entered into the Guilty Plea, another criminal matter, 1CPC-19-0001438,[2] was pending, and he received ineffective assistance of counsel when his counsel told him he would never be convicted of a Class A felony in 1CPC-19-0001438, at most he would be convicted of a Class B felony which was probationable, and Rosa would then accept concurrent probation in both cases.  However, Rosa asserts, he was convicted of a Class A felony in 1CPC-19-0001438 so he was subject to an indeterminate twenty-year sentence and contends the Hawaii Paroling Authority (**HPA**) would not look kindly upon him because he would have two criminal cases before them.  Rosa argues that because he "was the victim of ineffective assistance of counsel and because changed circumstances in this matter called for the withdrawal of his guilty plea, the trial court erred in denying [his] Motion to Withdraw Guilty Plea."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rosa's point of error as follows, and affirm.

The denial of a motion to withdraw a plea by the trial court is reviewed for an abuse of discretion.  State v. Pedro, 149 Hawaiʻi 256, 271, 488 P.3d 1235, 1250 (2021).

> "[Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 32(d) governs plea withdrawals. . . . But HRPP Rule 32(d) omits a standard controlling plea withdrawal before sentencing. [In] evaluating pre-sentence requests for plea withdrawals[, the trial court] should take a "liberal approach" and grant them if the defendant has presented a fair and just reason for [the] request and the State has not relied upon the guilty plea to its substantial prejudice."

Id. at 270, 488 P.3d at 1249 (quoting State v. Jim, 58 Haw. 574, 576, 574 P.2d 521, 522-23 (1978)) (internal quotation marks, some brackets, and emphasis omitted).  "The defendant has the burden

---

[2]  The Honorable Todd W. Eddins presided.

2

of establishing plausible and legitimate grounds for the withdrawal."  Id. (quoting State v. Costa, 64 Haw. 564, 565, 644 P.2d 1329, 1331 (1982)).  There are two fundamental bases for demonstrating a fair and just reason: "(1) the defendant did not knowingly, intelligently or voluntarily waive his or her rights; or (2) changed circumstances or new information justify withdrawal of the plea."  Id. at 270-71, 488 P.3d at 1249-50 (quoting State v. Gomes, 79 Hawaiʻi 32, 37, 897 P.2d 959, 964 (1995)).

"In determining the voluntariness of a defendant's proffered guilty plea, the trial court 'should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.'"  State v. Solomon, 107 Hawaiʻi 117, 127, 111 P.3d 12, 22 (2005) (citation omitted).

Rosa's only contention on appeal that he did not knowingly, intelligently, and voluntarily enter into the Guilty Plea on August 15, 2019, is that 1CPC-19-0001438 was also pending at the time of his August 15, 2019 guilty plea for which he received ineffective assistance of counsel due to erroneous advice resulting in a conviction and sentence inconsistent with what he allegedly had been told he would receive in that other case.  First, Rosa's claim that 1CPC-19-0001438 was pending is incorrect.  In 1CPC-19-0001438, an Indictment was filed on October 3, 2019, alleging Rosa committed Robbery in the First Degree and Robbery in the Second Degree on September 26, 2019.[3]  Thus, not only was 1CPC-19-0001438 not pending when Rosa entered into his Guilty Plea on August 15, 2019, the charged crimes in 1CPC-19-001438 did not allegedly occur until September 26, 2019 (after Rosa's guilty plea in this case).  Second, to the extent that Rosa asserts ineffective assistance of counsel at a December 23, 2019 hearing, addressing the State's motion that Rosa had

---

[3]  This court takes judicial notice of the records in 1CPC-19-0001438.

breached the plea agreement because of new criminal charges, his claim lacks merit.  At this hearing, the Circuit Court expressly advised Rosa that if he kept his plea deal, he would potentially face five years imprisonment.  Rosa expressly acknowledged his understanding and choice to keep his plea to TT1 and that the court could sentence him to an open term.

Gomes stated four factors the trial court should consider when determining whether to grant or deny a pre-sentence request to withdraw a plea.  Pedro, 149 Hawaiʻi at 272, 488 P.3d at 1251 (quoting Gomes, 79 Hawaiʻi at 39, 897 P.2d at 966).  The four-factor test imposes a floor in the trial court's discretion to grant a pre-sentence motion for plea withdrawal; it establishes one set of circumstances in which a trial court must grant the motion based on new circumstances but does not provide any guidance for courts when the new information or changed circumstance is not exculpatory.  Id. at 272-73, 488 P.3d at 1251-52.  The Circuit Court found Rosa met none of the four factors in Gomes.  On appeal, Rosa does not dispute the Circuit Court's findings.  Therefore, the Circuit Court was not required to allow Rosa to withdraw his guilty plea.

Nonetheless, the inability to satisfy the four-part Gomes test is not dispositive that there is no other fair and just reason to justify withdrawal of a plea.  Pedro, 149 Hawaiʻi at 274, 488 P.3d at 1253.  The trial court should examine the totality of the circumstances to determine whether there was any fair and just reason to justify withdrawal of a plea.  Id.  The trial court should consider:

> (1) whether the defendant has asserted and maintained innocence; (2) the timing of the request for the plea withdrawal and the reasons for any delay; (3) the circumstances underlying the plea; (4) the defendant's nature and background; and (5) the potential prejudice to the prosecution caused by reliance on the plea.

Id. at 275, 488 P.3d at 1254.

In this case, the trial court could not have undertaken the Pedro analysis, which was announced in 2021.  However, the record on appeal is fully developed to allow for appellate review

4

to determine whether there was any fair and just reason justifying withdrawal of Rosa's Guilty Plea under Pedro.  Id.

(1) Whether Rosa asserted and maintained innocence

Rosa did not assert or maintain his innocence.  Rosa pled guilty and admitted to the factual basis for TT1.  Therefore, the first Pedro factor weighs against allowing Rosa to withdraw his plea.

(2) Rosa's timing of his request for the plea withdrawal and the reasons for any delay

In this case, as in Pedro, 149 Hawaiʻi at 276-77, 488 P.3d at 1255-56, Rosa's Form K also contained language indicating he would not be permitted to withdraw his plea but at the time Rosa sought to withdraw his plea on July 6, 2020, he was aware the statement was incorrect because he declined a prior opportunity to withdraw his plea.  After it was determined Rosa breached a condition of the Guilty Plea by being arrested in 1CPC-19-0001438, on December 23, 2019, Rosa was informed that he had two options: withdraw his plea and be tried for Assault in the Second Degree as originally charged in this case; or keep the guilty plea to TT1 but sentencing would change with the possibility of him being sentenced to five years incarceration. Rosa stated "I think I blew a good deal," and chose "that the case stays to TT1 and that you can sentence me to the open term." Rosa then twice affirmed that he understood he could withdraw the Guilty Plea but was choosing to plead guilty to TT1.  Thus, Rosa knew of the possibility of withdrawing his plea despite the language of the Guilty Plea well in advance of his request to withdraw the plea on July 6, 2020.

It appears Rosa's delay in requesting to withdraw his guilty plea is based on the fact that sentencing in this case was continued until after the outcome of 1CPC-19-0001438.

In 1CPC-19-0001438, a jury verdict finding Rosa guilty of Count 1 (Robbery in the First Degree) and Count 2 (Robbery in

the Second Degree) was rendered on March 12, 2020.  On May 7, 2020, a deputy public defender requested the Office of the Public Defender (**OPD**) be allowed to withdraw from representing Rosa in both cases and filed nearly identical Motions to Withdraw as Counsel.  Counsel indicated Rosa requested withdrawal by the OPD because he was dissatisfied with the evidence presented during the jury trial, believed the complaining witness in Count 1 fabricated testimony that he had a firearm and the complaining witness in Count 2 fabricated testimony that he took her purse. Rosa claimed counsel should have been aware he was suffering from internal bleeding during trial[4] and that counsel should have attached medical records to his motion for emergency release showing he had been transported to Straub when arrested in 1CPC-19-0001438.  Rosa was also upset counsel did not meet with him on May 6, 2020, and while discussing the process for a motion to withdraw plea on May 7, 2020, Rosa became irate and left the meeting.

On May 26, 2020, the Circuit Court orally granted counsel's request to withdraw in this case but denied the request without prejudice in 1CPC-19-0001438 until after sentencing because the dispute involved trial strategy issues.  The Circuit Court then found Rosa guilty as charged and imposed a sentence in 1CPC-19-0001438.  The same day, the Circuit Court then reconsidered the denial of counsel's request to withdraw in 1CPC-19-0001438 and ordered new counsel be appointed in both cases. On May 26, 2020, a Judgment of Conviction and Sentence was entered in 1CPC-19-0001438.

On July 6, 2020, Rosa's new counsel moved to withdraw the Guilty Plea in this case.   There is nothing in the record linking the Guilty Plea with a specific outcome in 1CPC-19-0001438 or to sentencing conditions favorable to Rosa in either case.  Rosa knew sentencing in this case would be delayed until

---

[4]  Counsel noted, however, that Rosa did not obtain any medical attention or treatment during trial or immediately thereafter.

after 1CPC-19-0001438 was determined.  Thus, Rosa cannot claim that a fair and just reason to withdraw his plea in this case is that there would be two criminal convictions before the HPA when he knew it was a possibility by delaying sentencing and awaiting the outcome of 1CPC-19-0001438.

Rosa's claim that he was assured by his prior counsel in 1CPC-19-0001438 that he would only be convicted of a probationable felony does not present a fair and just reason to withdraw his plea because he was not assured probation in either 1CPC-19-0001438 or this case.  The possibility of simultaneous sentences of imprisonment for two separate criminal cases was known to Rosa.  Rosa unduly delayed his request to withdraw his Guilty Plea because the reasons he provided were not related to the present case, sentencing was delayed to coincide with the outcome of 1CPC-19-0001438, and Rosa only moved to withdraw the plea after he learned of the unfavorable outcome of 1CPC-19-0001438 which had no connection to the Guilty Plea.  Therefore, the second Pedro factor weighs against allowing Rosa to withdraw his plea.

(3) The circumstances underlying Rosa's plea

In Pedro, the court noted there were four features of the circumstances surrounding the pleas which favored allowing their withdrawal: the pleas were spur of the moment, the pleas were entered well in advance of trial, the defendant did not have requested discovery materials at the time of entering the pleas, and the defendant faced severe potential consequences if the pleas were withdrawn.  Id. at 278-80, 488 P.3d at 1257-59.

On December 28, 2018, Rosa was originally charged by Felony Complaint with Assault in the Second Degree.  During a hearing on January 7, 2019, exhibits attached to the Felony Complaint were unsealed and copies were given to Rosa pursuant to HRPP Rule 16.  On February 25, 2019, Rosa filed a Motion to Continue Trial Week and Extend Pretrial Motions Deadline which requested the March 11, 2019 trial date be rescheduled because, although counsel reviewed the case records and files, counsel

would be away from the office for a significant amount of time leading up to the trial week.  Trial was rescheduled to May 13, 2019, but on May 6, 2019, Rosa again requested a continuance because he was recently released from the hospital and counsel wanted to meet with Rosa to prepare and discuss potential defenses.  Trial was rescheduled to June 17, 2019, but on June 7, 2019, the State requested a continuance because it was in discussions with Rosa about a global settlement.  Rosa objected to the State's request for a continuance but trial was continued again until September 9, 2019.  On August 15, 2019, Rosa appeared for a change of plea hearing and entered into the Guilty Plea.

Rosa's Guilty Plea was not entered spur of the moment and the parties engaged in negotiations for a global settlement prior to his change of plea hearing.

In Pedro, the court noted the pleas were entered well in advance of trial when no motions in limine were adjudicated, jurors were not summoned, and trial was not imminent, thus, judicial resources consumed in allowing a withdrawal of a plea was near nil and would not undermine the efficient administration of justice.  Id. at 279, 488 P.3d at 1258.  In this case, Rosa's June 10, 2019 motion in limine was not adjudicated, no jury trial was demanded, and trial was imminent but continued three times.  Thus, it does not appear withdrawal of Rosa's plea would undermine the efficient administration of justice.

No claim was made by Rosa that discovery material was not received, either at the time Rosa entered into the Guilty Plea or when he requested to withdraw it.

The original charge of Assault in the Second Degree and the amended charge of TT1 to which Rosa pled guilty are both Class C felonies subjecting him to up to five years incarceration.  HRS §§ 707-711(2) (2014), 707-716(2) (2014), and 706-660(1)(b) (2014).  Withdrawal of the Guilty Plea would have resulted in recision of a guilty plea to five counts of violating a temporary restraining order in 1FFC-18-0000607.  However, the charges against Rosa in three other cases were dismissed with

prejudice on September 3, 2019, instead of being dismissed without prejudice as agreed to in the Guilty Plea.  Thus, Rosa would face significantly fewer consequences by withdrawing his guilty plea.  The circumstances underlying Rosa's plea weigh against allowing withdrawal of the Guilty Plea.

(4) Rosa's nature and background

In Pedro, the court stated "[a] youthful defendant, or a defendant with limited mental faculties, education, or English-language proficiency may be poorly equipped to thoughtfully consider a plea's implications."  149 Hawaiʻi at 280, 488 P.3d at 1259.  The Pedro court also noted the extent of the colloquy discussing whether the defendant understood the charge and complexity of the terminology of the charge as additional factors when weighing whether the fourth factor was in favor of allowing withdrawal of a plea.  Id.  The defendant in Pedro was only asked whether he understood the reduced charges of sexual assault in the second degree in comparison to sexual assault in the first degree and the Pedro court stated "[t]he legal terminology surrounding different sexual assault charges can be complex."  Id.

During Rosa's colloquy, he indicated he was 50 years old, was one credit shy of graduating from Kailua High School, and read, wrote, spoke, and understood English.  Rosa's presentence report indicated he was born and raised in Hawaiʻi.  Rosa was not merely asked whether he understood the charge, Rosa was also asked whether he understood the elements of the offense that the State was required to prove beyond a reasonable doubt and whether he had any questions about the offense.  Rosa then recited the factual basis for the crime, agreed that was what happened, and affirmed he fully understood what the crime was all about.  Thus, the fourth factor weighs against allowing Rosa to withdraw his plea.

(5) The potential prejudice to the
prosecution caused by reliance on the plea

"In evaluating whether there is a fair and just reason for plea withdrawal, the court should weigh any prejudice to the

prosecution caused by reliance on the defendant's plea." Pedro, 149 Hawaiʻi at 280, 488 P.3d at 1259 (internal quotation marks and citation omitted). "In some cases, even a showing of substantial prejudice to the prosecution may be outweighed by other factors strongly favoring withdrawal." Id. at 281, 488 P.3d at 1260. In this case, the prejudice to the State is substantial. On September 3, 2019, twenty-four charges in three different cases were dismissed with prejudice. Thus, the State was barred from prosecuting those charges even if Rosa was allowed to withdraw his plea. The other Pedro factors do not outweigh the substantial prejudice to the State and the fifth Pedro factor weighs heavily against allowing Rosa to withdraw his plea. Under the totality of the circumstances, Rosa did not present a fair and just reason for the withdrawal of the Guilty Plea. Therefore, the Circuit Court did not abuse its discretion by denying the Motion to Withdraw Guilty Plea.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on October 16, 2020, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2022.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant

Loren J. Thomas,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge