**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000356
16-OCT-2023
07:59 AM
Dkt. 57 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOVEN JOSEPH BANARES, Defendant-Appellant

NO. CAAP-22-0000356

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC151001819)

OCTOBER 16, 2023

GINOZA, CHIEF JUDGE, LEONARD AND GUIDRY, JJ.

OPINION OF THE COURT BY GUIDRY, J.

Defendant-Appellant Joven Joseph Banares (Banares)

appeals from the Findings of Fact, Conclusions of Law, and Order

Granting in Part and Denying in Part Defendant Banares's Motion

to Dismiss for Violation of Hawaii Rules of Penal Procedure Rule 9 (Rule 9 Order), entered by the Circuit Court of the First Circuit on March 28, 2022.  Banares appeals from the portion of the circuit court's Rule 9 Order that tolls, pursuant to Hawaii Revised Statutes (HRS) § 706-627 (2014), the period of his probation.  Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we vacate the circuit court's tolling of Banares's period of probation, and the circuit court's conclusions of law (COL) 5 through 9.  We hold that, on the record of this case, in which the circuit court did not hear or issue a decision concerning or upon a motion to revoke probation, the tolling provision set forth in HRS § 706-627 does not apply to toll the period of Banares's probation.

Banares was charged by felony information with Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (2014).  Banares pleaded no contest, and in May 2016, was sentenced to, *inter alia*, four years of probation.[1]  On February 6, 2017, the State of Hawaiʻi (State) filed a motion to

---

[1]    The Honorable Dean E. Ochiai presided over the sentencing.  The Honorable Kevin T. Morikone presided over the February 22, 2022 hearing on Banares's February 8, 2022 Motion to Dismiss for Violation of Hawaii Rules of Penal Procedure Rule 9 (Rule 9 Motion to Dismiss), and issued the Rule 9 Order.

revoke probation (Motion to Revoke), and to resentence Banares to imprisonment, alleging that Banares violated various terms and conditions of his probation.

In conjunction with the State's Motion to Revoke, the circuit court issued a bench warrant on February 7, 2017, for Banares's arrest. The State concedes that the bench warrant was not served until almost five years later on January 17, 2022. Banares turned himself in to the Honolulu Police Department.

In February 2022, Banares filed his Rule 9 Motion to Dismiss, requesting that his case be dismissed with prejudice. Banares contended, pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 9, that the delay of almost five years in serving him with the bench warrant violated the requirement that warrants "shall be executed without unnecessary delay by the arrest of the defendant." HRPP Rule 9(c)(3)(i); State v. Owens, 116 Hawaiʻi 172, 174-75, 172 P.3d 484, 486-87 (2007). Banares further contended that he had remained in the jurisdiction and was available for service between the dates of February 7, 2017, and January 17, 2022.[2] The State did not dispute that a Rule 9 violation had occurred, but objected to a dismissal of Banares's

_____

[2] The record reflects that Banares was issued a traffic infraction citation in case number 1DTI-21-095742, and Banares appeared in court on September 7, 2021 via Zoom for a hearing on that matter.

case, and further argued that the period of his probation should be tolled pursuant to HRS § 706-627 (2014).[3]  The circuit court heard the matter, and took the parties' arguments under advisement.

On March 28, 2022, the circuit court issued the Rule 9 Order, in which it declined to dismiss Banares's conviction, dismissed the Motion to Revoke,[4] and then concluded that HRS § 706-627 applied to mandate the tolling of the period of

---

[3]      HRS § 706-627 (2014) provides that,

> **Tolling of probation.**  (1) Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation *shall be tolled pending the hearing upon the motion and the decision of the court*.  The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court *concerning the motion* for purposes of computation of the remaining period of probation, if any.  In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court.  During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.
>
> *(2)   In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable*, the defendant *may* be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

(Emphasis added.)

[4]      The circuit court found, and it is not contested, that: "[t]here is no evidence that the State made any attempt to serve the warrant at issue[;] [t]here is no evidence that [Banares] left the jurisdiction or attempted to evade service[;]" and "[t]here is affirmative evidence that [Banares] was on the island of Oʻahu on August 2, 2021 when he was cited for a traffic infraction."  See Findings of Fact 10-12.

time from the filing of the motion to revoke probation "until the decision of the court."

The circuit court explained its rationale for tolling under HRS § 706-627 in its COLs 5 through 9, as follows,

> 5. The plain language of HRS 706-627(1) mandates that the time from the filing of a motion to revoke probation "until the decision of the court" shall be tolled. The subsection goes on to specify that tolling continues until the decision "concerning the motion. . . ." The common meaning of the terms are inclusive and general and do not qualify the period based upon whether the decision is made on the merits of the motion or not. No exception is allowed for in subsection (1) itself and the only exception provided for in statute is in subsection (2).

> 6. In contrast to HRS 706-627(1), HRS 706-627(2) makes a single exception to the tolling period mandated by subsection (1) solely in the situation where a court refuses a motion [to] revoke "because the defendant's failure to comply therewith was excusable." Only in such a situation is a court given discretion to allow a defendant to count time that is otherwise mandated to be tolled to the period of her or his probation.

> 7. The nature of this Court's ruling on this matter does not address whether or not there was any excusable failure to comply with any of the conditions of probation. Thus the Court does not have discretion to make an exception to the mandatory tolling period prescribed by HRS 706-627(1).

> 8. Further, nothing in Owens, supra, nor any other authority, provides the Court to otherwise count the tolled period mandated by HRS § 706-627(1) toward the time served in the period of probation ordered on May 5, 2017.

> 9. Thus the Court does not have discretion to make an exception to the mandatory tolling period prescribed by HRS 706-627(1).

Based on the above COL, the circuit court entered the following rulings,

> ACCORDINGLY IT IS HEREBY ORDERED that the Defendant Banares's Motion to Dismiss for Violation of Hawaii Rules of Penal Procedure Rule 9 be and the same is hereby GRANTED IN PART AND DENIED IN PART.

> IT IS FURTHER HEREBY ORDERED that the motion to revoke probation filed February 6, 2017 in the above-captioned case is hereby dismissed.
>
> IT IS FURTHER HEREBY ORDERED that the time from May 5, 2016 to and including February 6, 2017 shall accrue toward the period of Defendant's probation, that the time from February 6, 2017 to and including February 23, 2022 shall be tolled, meaning it shall not accrue toward the period of Defendant's probation, and that time from February 23, 2022 forward shall continue to accrue toward the period of Defendant's probation until any future intervening factors occur.
>
> IT IS FURTHER ORDERED THAT as far [as] Defendant's motion requested that the Judgment of Conviction filed on May 5, 2016 or that the entire case be dismissed, those requests are DENIED.

Banares raises a single point of error on appeal. He contends that "[t]he circuit court exceeded its authority in applying HRS § 706-627 and tolling time. . . . Based on the circuit court's errors, COLs 5, 6, 7, 8 and 9, as well as the orders tolling time and continuing Banares on probation must be reversed." The State contends on appeal that the circuit court's decision below should be affirmed because tolling was either mandatory, pursuant to HRS § 706-627(1), or discretionary, pursuant to HRS § 706-627(2).

We review the circuit court's conclusions of law *de novo,* under the right/wrong standard of review. State v. Kido, 109 Hawai‘i 458, 461, 128 P.3d 340, 343 (2006). We conclude the circuit court erred in that portion of the Rule 9 Order that applies HRS § 706-627 to toll the time of Banares's probation

6

from February 6, 2017, to and including February 23, 2022. Thus, the circuit court's COLs 5 through 9 are wrong.

We begin by examining the plain language of HRS § 706-627. State v. Borge, 152 Hawaiʻi 458, 464, 526 P.3d 435, 441 (2023) ("[I]mplicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.") (quoting Ito v. Invs. Equity Life Holding Co., 135 Hawaiʻi 49, 61, 346 P.3d 118, 130 (2015)).

HRS § 706-627 applies to toll a period of probation pending "the hearing upon the motion [to revoke probation] and the *decision of the court*." HRS § 706-627(1) (emphasis added). The period of tolling is calculated in relation to the time in which the circuit court issues its written "decision" "concerning the motion," or, absent a written decision, announces its "decision upon the motion" in open court. Id. The record reflects that there is no such decision in this case. The circuit court did not hear or issue a decision on the Motion to Revoke due to the State's clear failure to serve the bench warrant.

Indeed, due to the State's Rule 9 violation, the circuit court dismissed the State's Motion to Revoke without

7

reaching any of the issues raised or requests made therein. As the circuit court observed in COL 7, the Rule 9 Order dismissing the Motion to Revoke foreclosed its ability to address "whether or not there was any excusable failure to comply with any of the conditions of probation." Because the circuit court did not in this case hear or issue a "decision" "concerning [or upon] the motion [to revoke]," the tolling provision set forth in HRS § 706-627 cannot apply to toll the period of Banares's probation.

For the foregoing reasons, we vacate that portion of the Rule 9 Order that applies HRS § 706-627 to toll the time of Banares's probation from February 6, 2017, to and including February 23, 2022, and COLs 5 through 9, and we remand for further proceedings consistent with this opinion.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge